UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANIEL M. GIAMPIETRO, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 05 C 1869 |
| STEVEN SCHINDLBECK, VINCENT CLARK, and WILLIAM KOVARIK, each in his individual capacity, | ) ) Judge John W. Darrah ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Daniel Giampietro, filed suit against Defendants, Steven Schindlbeck, Vincent Clark, and William Kovarik, alleging violations of Title 42 U.S.C. § 1983. Presently pending before the Court is the Defendants' Motion to Dismiss.

A reading of the Complaint supports the following summary of the alleged operative conduct of the parties.

On or about April 3, 2003, Giampietro was evicted from his residence in Chicago, Illinois. On that date, after accepting an offer by Adrian Gonzalez to assist him in moving his personal property to another location, Giampietro, along with Gonzalez, loaded certain of Giampietro's belongings into Gonzalez's pick-up truck. Gonzalez then drove Giampietro and his belongings to the home of Giampietro's mother in Westmont, Illinois. Following his refusal to let Giampietro store his furniture and other items at her residence, Giampietro's brother placed a call to the Westmont Police Department. After responding to the scene, the police conducted a search of the pick-up truck. The police subsequently released both Gonzalez and Giampietro after having discovered no contraband in the vehicle. Gonzalez then drove Giampietro and his belongings to the home of Giampietro's mother-in-law in Yorkville, Illinois.

After dropping off Giampietro's belongings in Yorkville, Gonzalez and Giampietro, while en-route back to Chicago, were stopped by Schindlbeck, a Naperville police officer. Subsequently,

Clark and Kovarik, also Naperville police officers, arrived at the scene. Thereafter, Gonzalez was arrested for driving with a suspended license, and Giampietro was ordered to exit the vehicle. The police conducted a search of the vehicle and found a counterfeit $100.00 bill. Giampietro, who denied knowledge of the contraband and ownership of the truck in response to questions posed by Schindlbeck, was placed under arrest for forgery in relation to the counterfeit $100.00 bill. Giampietro was transported to the Naperville Police Department; he was later released without being charged.

In reviewing a motion to dismiss, the court considers all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corp. Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000); *Lee v. City of Chi.*, 330 F.3d 456, 459 (7th Cir. 2003). Dismissal is warranted if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). A suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint that would make out a claim. *Graehling v. Vill. of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995). A filing under Federal Rules of Civil Procedure need not contain all the facts that will be necessary to prevail. To survive a motion to dismiss, a pleading must only contain enough information to allow the court and the defendant to understand the gravamen of the plaintiff's complaint. *McCormick v. City of Chi.*, 230 F.3d 319, 323-24 (7th Cir. 2000). A claim for relief need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." *Cook v. Winfrey*, 141 F.3d 322, 327 (7th Cir. 1998) (*Cook*). A plaintiff is not compelled to plead facts or legal theories or cases or statutes but merely to describe his claim briefly and simply. *Shah v. Inter-Contl. Hotel Chi. Operating Corp.*, 314 F.3d 278, 282 (7 th Cir. 2002). A court will dismiss a complaint only "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *See Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997); *Cook*, 141 F.3d at 327.

Giampietro alleges that the Defendants violated Giampietro's Fourth Amendment rights by arresting him without probable cause. Defendants argue that Giampietro has failed to state a claim upon which relief could be granted because of their qualified immunity from prosecution.

Ordinarily, in stating a cause of action under 42 U.S.C. § 1983 with respect to an unlawful arrest, a plaintiff must allege that the arrest was made without a warrant and without probable cause to believe that the plaintiff had committed or was committing a crime. *Joseph v. Rowlen*, 402 F.2d 367, 370 (7th Cir. 1968), *appealed after remand*, 425 F.2d 1010 (7th Cir. 1970) (*Joseph*). In bringing a § 1983 claim alleging deprivation of a Fourth Amendment right not to be arrested without probable cause, a plaintiff is only required to plead that a person acting under color of state law, typically a law enforcement officer, arrested him without probable cause. *Bergstrom v. McSweeney*, 294 F. Supp. 2d 961, 965 (N.D. Ill. 2003).

Qualified immunity is a defense to a § 1983 claim. *Deloughery v. City of Chicago*, 2002 WL 31654942 at 4 (N.D. Ill. 2002) (*Deloughery*). Under notice-pleading requirements in the federal courts, a plaintiff is under no obligation to plead around an anticipated qualified immunity defense. *See Gomez v. Toledo*, 446 U.S. 635, 639-40 (1980); *Deloughery*, 2002 WL 31654942 at 4. When confronted with a claim of qualified immunity, a court must ask first the following question: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Brosseau v. Haugen*, 125 S. Ct. 596, 598 (2004). Nearly always, the qualified immunity defense is "a bad ground for dismissal" under Rule 12(b)(6). *Deloughery*, 2002 WL 31654942 at 4; *Jacobs v. City of Chicago*, 215 F.3d 758, 765 n.3 (7th Cir. 2000) (*Jacobs*). However, a qualified immunity defense may be applicable under Rule 12(b)(6) in instances where the grounds for dismissal are purely legal and do not depend on the facts. *Jacobs*, 215 F.3d at 765.

The question presented in this case is not purely legal; the defense of qualified immunity rests on a factual finding that the Defendants, at the point of making the arrest, had probable cause to make the arrest. *See Joseph*, 402 F.2d at 370. At this stage of the litigation, the Court cannot conclude that Giampietro could prove no set of facts under which a claim of qualified immunity would be denied.

For the reasons stated above, Defendants' Motion to Dismiss is denied.

Dated: August 22, 2005

JOHN W. DARRAH
United States District Judge